IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CAPTAIN JAMES LINLOR, PRO SE,<br><br>    Plaintiff,<br><br>v.<br><br>INDIA WILEA MITCHELL, *et al*.<br><br>    Defendants. | Civil Action No. 1:17-cv-00723 (LO/MSN) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
INDIA WILEA MITCHELL, PAUL JOHN SOLO AND METROPOLITAN
WASHINGTON AIRPORTS AUTHORITY'S
SEALED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Defendants India Wilea Mitchell, Paul John Solo and the Metropolitan Washington Airports Authority, by counsel, and hereby submit this Memorandum of Points and Authorities in support of their Sealed Motion to Dismiss Plaintiff Captain James Linlor, Pro Se's Complaint, and in support thereof, state as follows:

**I.     FACTS, CLAIMS AND PROCEDURAL HISTORY**

This is the second lawsuit brought by Plaintiff against these Defendants relating to an incident that occurred on March 10, 2016, at the Washington Dulles International Airport ("Dulles Airport"). In each lawsuit, Plaintiff alleges that he was subjected to an aggravated sexual battery by a Transportation Security Administration employee during a pat-down at a security checkpoint, and that Defendants violated his Constitutional rights in failing to arrest, or take into custody the citizen's arrested suspect, and for failing to support his efforts at prosecution of the accused.

On May 26, 2016, Plaintiff filed his first Complaint with this Court, captioned *J.L., Pro*

<u>Se v. India Wilea Mitchell, John Paul Solo[1], Metropolitan Washington Airports Authority and County of Loudoun, Virginia</u>, Case No. 1:16-cv-00583 (GBL/JFA). <u>See</u> Plaintiff's Complaint, 1:16-cv-00583, Doc. 2, attached hereto as Exhibit 1. In the prior case, the Plaintiff sued India Mitchell ("Mitchell") and Paul Solo ("Solo") in their individual and official capacities, and the Metropolitan Washington Airports Authority ("Airports Authority), alleging liability under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights. <u>See Id.</u> The gravamen of Plaintiff's claim was that the Defendants violated his constitutional rights by failing to arrest the accused TSA agent, or to take that agent into custody following a "citizen's arrest," and by failing to support his after-the-fact efforts at initiating a criminal prosecution of the accused TSA agent by providing him with a video of the incident or appearing before the Loudoun County Magistrate. Despite Plaintiff's efforts and repeated requests to the Loudoun County Magistrate's office, the Magistrate declined to issue a warrant for the arrest of the TSA agent.

At the same time he filed his initial Complaint in case number 1:16-cv-00583, Plaintiff filed a Motion requesting the Court seal the case or redact certain identifying information from the publicly available record. <u>See</u> Motion, 1:16-cv-00583, at Doc. 3, attached hereto as Exhibit 2. The Court at first granted Plaintiff's Motion, and sealed the entire case. <u>See</u> Order, 1:16-cv-00583, at Doc. 5. Later, the Court amended its Order, unsealing the case but requiring that Plaintiff's personally identifying information be redacted from the publicly available record with the exception of his first and last initials. <u>See</u> Order, 1:16-cv-00583, Doc. 18, attached hereto as

---

[1] Plaintiff's first Complaint misnamed Defendant Paul John Solo as "John Paul Solo."

Exhibit 3.[2] Given this Court's Order in case number 1:16-cv-00583, Defendants hereby file the present Motion to Dismiss under seal pursuant to L. R. Civ. P. 5(B) so as not to risk publicly linking Plaintiff to that prior case and violating this Court's Order.[3]

In the prior case, Plaintiff moved for, and received, permission to file an Amended Complaint. <u>See</u> Amended Complaint, 1:16-cv-00583, Doc. 53, attached hereto as Exhibit 4; Amended Order, 1:16-cv-00583, Doc. 79, attached hereto as Exhibit 5. Defendants filed a Motion to Dismiss, which was granted by the District Court on September 1, 2016. <u>See</u> Opinion and Order, 1:16-cv-00583, Doc. 122, 123, attached hereto as Exhibit 6. Plaintiff's subsequent motion for Rule 60 relief was likewise denied. <u>See</u> Order, 1:16-cv-00583, Doc. 132, attached hereto as Exhibit 7.

Plaintiff appealed those rulings to the United States Court of Appeals for the Fourth Circuit, which affirmed the District Court's Judgment on February 21, 2017 (mandate issued on March 15, 2017). <u>See</u> Unpublished Opinion and Order, No. 16-2387, Doc. 16, 17-1, attached hereto as Exhibit 8. The Fourth Circuit adopted the reasoning of this Court in affirming the Judgment against Plaintiff. <u>See</u> <u>Id.</u>

Plaintiff then filed the instant lawsuit (1:17-cv-00723) on June 27, 2017. Just as with his prior dismissed case, Plaintiff again sues under 42 U.S.C. § 1983, and continues to claim that

---

[2] Plaintiff has also filed a <u>Bivens</u> action against the TSA agent who allegedly sexually battered him, but although portions of that case have been sealed, Judge Cacheris has declined to allow Plaintiff to proceed anonymously. <u>See</u> <u>Captain James Linlor, Pro Se v. Michael Polson</u>, Case No. 1:17-cv-00013 (JCC/JFA).

[3] Given the fact that Plaintiff has filed this case under his own name, and the fact that Judge Cacheris has refused to allow Plaintiff to proceed anonymously in <u>Captain James Linlor, Pro Se v. Michael Polson</u>, Case No. 1:17-cv-00013 (JCC/JFA), there seems to be little reason to seal the present action, and ample reason to lift the Court's Order entered in the prior, related case.

Mitchell, Solo and the Airports Authority violated his rights under the Fourteenth Amendment when they refused to take the accused TSA agent into custody following Plaintiff's citizen's arrest, or to transport that individual to the Loudoun County Magistrate's office. Plaintiff further alleges in Count Two of his new Complaint that the Airports Authority violated the Fourteenth Amendment's Equal Protection Clause by requiring Plaintiff sign a "nondisclosure agreement/licensing agreement" in order to obtain a copy of the security camera video capturing the incident. Lastly, Plaintiff alleges in Count Three of his new Complaint that the Airports Authority violated his rights by refusing to honor its own Freedom of Information Policy ("FOI Policy").

Defendants contend that all of the claims asserted in the instant action are precluded and barred by the doctrine of *res judicata*, as these claims were actually raised, or could have been raised, in the prior litigation. Moreover, the Plaintiff's claim that his equal protection rights were violated by the Airports Authority's refusal to provide him with video of the incident or other documents under its Freedom of Information policy prior to the institution of litigation is moot since Plaintiff obtained all of the materials he requested in discovery in the prior case. Third, Plaintiff has failed to plead the existence of any official policy or custom giving rise to liability under 42 U.S.C. § 1983. Finally, the Airports Authority's FOI Policy does not create a private right of action in any individual or entity; nor is such policy unconstitutional as Plaintiff claims.

## II.     STANDARD OF REVIEW

The relevant standard on a motion to dismiss was recently summarized by Judge Lee in his opinion in <u>Stevens v. Holder</u>, 966 F. Supp. 2d. 622, 629 (E.D. Va. 2013). In that opinion, Judge Lee noted that,

> A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should

> be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008). In addition to the complaint, the Court also examines "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)).

*Stevens*, 966 F. Supp. 2d. at 629 (some citations omitted for brevity).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may properly take judicial notice of matters of public record. *See Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986). The Court may consider documents attached to the complaint, "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *See Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006). The Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

If a governmental entity challenges jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of persuasion regarding the existence of jurisdiction, and the court is free to consider exhibits outside the pleadings "to resolve factual disputes concerning jurisdiction." *Smith v. Washington Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.' " *Evans v. B.F. Perkins Co.*,

5

166 F.3d 642, 647 (4th Cir. 1999).

Although a *pro se* Complaint is held to less stringent standards than pleadings filed by attorneys, and should be liberally construed, there are limits to such liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006). The Fourth Circuit, sitting *en banc*, has cautioned that, "in interpreting a *pro se* complaint,…our task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean." *Laber*, 438 F. 3d at 413 n.3. As such, the court considering the *pro se* complaint may not "rewrite" the complaint, nor act as counsel for the plaintiff. *Id.*

### III. ARGUMENT

**A. Plaintiff's Complaint must be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6) because the claims contained therein are precluded and barred by the doctrine of *res judicata*.**

Count I of the present Complaint alleges that the Defendants are liable under 42 U.S.C. §1983 for violating Plaintiff's Fourteenth Amendment rights by failing to arrest or take the accused TSA agent into custody following Plaintiff's citizen's arrest, failing to transport that individual to the Loudoun County Magistrate's office, and for failing to assist in the criminal prosecution of the accused. See Complaint, Count One, ¶ 2. This claim is identical to one of the claims made in Plaintiff's prior case, the dismissal of which was affirmed on appeal. See Exhibit 4, pp. 4-12.

Under the doctrine of *res judicata*, or claim preclusion, "a prior judgment bars the relitigation of claims that were raised or could have been raised in the prior litigation." *Serna v. Holder*, 559 Fed. Appx. 234, 236-37 (4th Cir. 2014). The Fourth Circuit has held that,

> A prior claim precludes a later one if three conditions are satisfied: 1) the prior judgment was final on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two

> actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Id.* at 237 citing *Pittston v. U.S.*, 199 F.3d 694, 704 (4th Cir. 1999). A claim is "based upon" the same cause of action involved in the earlier proceeding if the claim "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Id.* The term "transaction" as used in claims preclusion analysis "connotes a natural grouping or common nucleus of operative facts." *Id.*

As shown in the attached Exhibits, it is plain that the judgment in Plaintiff's prior lawsuit, case number 1:16-cv-00583, was final on the merits when this Court granted Defendants' Motion to Dismiss -- a judgment affirmed by the Fourth Circuit. *See* Exhibits 6, 8. Thus, the first prong of the claim preclusion test articulated above is met.

It is also equally plain that that the parties in the prior case, number 1:16-cv-00583, and the present action are identical. Plaintiff sued Mitchell, Solo and the Airports Authority in both cases. Therefore, the second prong of the claim preclusion test is similarly met.

Lastly, the third prong of the claim preclusion test is satisfied here. A comparison of Plaintiff's current Complaint to the Amended Complaint in the prior case, number 1:16-cv-00583, reveals that both cases are based on the same facts and arise out of the same transaction, i.e., the alleged sexual battery at the hands of a TSA agent at Dulles Airport on March 10, 2016, and the alleged failure of the Airports Authority's police to take that individual into custody and support Plaintiff's attempts to prosecute.

Moreover, the causes of action raised in Counts Two and Three of Plaintiff's present Complaint arise out of the same facts and transaction as is found in the prior case. The claims Plaintiff now raises under Counts Two and Three of the Complaint could have been brought in

7

the prior case, since those claims existed at the time Plaintiff filed his first lawsuit. Indeed, Plaintiff requested the security video and other records from the Airports Authority through its FOI Policy prior to initiating the first lawsuit, and made reference in the Amended Complaint in case number 1:16-cv-00583 to the Airports Authority's alleged failure to provide documents further to his requests under its FOI Policy. *See* correspondence regarding Plaintiff's FOI request, attached hereto as Exhibit 9; Exhibit 4, pp. 8, line 3-9; 11, line 3-4.

Even if Plaintiff asserts he did not know he had the claims set forth under Counts Two and Three of his present Complaint at the time of the prior lawsuit, such lack of knowledge would not permit these claims to go forward. As the Fourth Circuit has held, a plaintiff's "lack of knowledge of a potential claim does not determine the claim-preclusion inquiry; what matters is that the claim itself existed at the time of the first lawsuit." *Serna*, 559 Fed. Appx. at 238. It is the existence of the claim that controls, not when a plaintiff may have discovered it. *Id.*

In the present action, Plaintiff has filed the same claim, or claims that could have been raised in the prior case, against the same parties, arising out of the same transaction. Since all three prongs of the claim preclusion test have been met in this case, Plaintiff's present claims are precluded, and should be dismissed with prejudice.

> **B. Plaintiff's claims under Count Two of the Complaint should be dismissed as moot under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.**
>
> **1. The claim is moot as Plaintiff received the requested video in discovery.**

In Count Two of the present Complaint, Plaintiff alleges that the Airports Authority violated his Fourteenth Amendment right to equal protection by failing to provide him with the security video of the incident, and other documents, that he requested under the Airports

Authority's FOI policy. *See* Complaint, Count Two, ¶¶ 10-11. The documents Plaintiff requested that were in the custody and control of the Airports Authority and which were permitted to be produced under the Airports Authority's FOI Policy, were produced to Plaintiff in response to his request. *See* Exhibit 9. The security video was not produced to Plaintiff at that time, but was offered to him provided he signed a non-disclosure agreement. Plaintiff alleges that the Airports Authority violated his constitutional rights by requiring him to sign this non-disclosure agreement while not requiring unidentified third-parties to sign the same agreement in order to obtain the security video. *See* Complaint, Count Two, ¶ 12.

First, it should be noted that Plaintiff's claim under Count Two is moot. Because Plaintiff's claim is moot, this Court lacks subject matter jurisdiction over the claim. As the Fourth Circuit Court of Appeals has held, "the doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction," and a case is "moot when…the parties lack a legally cognizable interest in the outcome." *U.S. v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008). A claim becomes moot "when the claimant receives the relief he or she sought to obtain through the claim." *Wynne v. I.C. Sys.*, 124 F.Supp. 3d 734 (E.D. Va. 2015) citing *Simmons v. United Mortg. & Loan Inv.*, 634 F.3d 754, 763 (4th Cir. 2011).

As set forth above, Plaintiff requested a copy of the security video and other documents under the Airports Authority's FOI Policy prior to filing his first lawsuit against Mitchell, Solo and the Airports Authority. Once Plaintiff's Complaint was filed in case number 1:16-cv-00583, he requested a copy of the security video in discovery. The security video was produced to Plaintiff in discovery in the prior case. Plaintiff had a copy of the video in that case, and

9

presumably possesses it still.[4] As such, Plaintiff has the video and other documents he claims were wrongfully withheld from him, and his claim on this issue is moot.

> **2. There is no official policy as required to state a claim under 42 U.S.C. § 1983 nor is there invidious discrimination or a violation of a fundamental right as is required under the Equal Protection Clause.**

Even if Plaintiff's claim were not moot, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 for violation of the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution. The Airports Authority was created by an Interstate Compact to acquire, operate, maintain, develop, promote and protect the Ronald Reagan Washington National and Washington Dulles International airports. *See* 49 U.S.C. § 49101 (2015), *et seq.*; Va. Code Ann. § 5.1-153 (2016), *et seq.*; D.C. Code § 9-1001 (2016), *et seq.* Under the Compact, the Airports Authority is "a public body corporate and politic and independent of all other bodies." *See Gray v. Va. Sec. of Trans.*, 276 Va. 93, 98 (2008).

Virginia courts have considered the Airports Authority to be the equivalent of a municipality. *See Gray v. Va. Sec. of Trans.*, 74 Va. Cir. 30, 32 (Richmond Cir. Ct. 2007) ("Pursuant to Va. Code Ann. §5.1-152 to 178, MWAA must be treated like a municipality, as it performs governmental functions, for which it is immune…") rev'd on other grounds by *Gray*, 276 Va. 93 (2008); *Alpine Air, Inc. v. MWAA*, 62 Va. Cir. 215, 217 (Fairfax Cir. Ct. 2003) ("The statutory grant of immunity is equivalent to the immunity that municipalities enjoy under Virginia common law."). This Court has held that the Airports Authority shall be considered akin to a municipality, or a state actor, for the purpose of § 1983 claims. *See Grayson v. Metro.*

---

[4] Indeed, Plaintiff embedded still photos from that security video within his Complaint in *Captain James Linlor, Pro Se v. Michael Polson*, Case No. 1:17-cv-00013 (JCC/JFA), suggesting his continued possession of the video.

*Wash. Airports Authority*, Civil Action 1:12-cv-1497, Memorandum Opinion, March 18, 2014, attached hereto as Exhibit 10 ; *Mukuna v. Gibson*, 2011 U.S. Dist. LEXIS 95408, *13 - 15 (E.D. Va. 2011).

In order to recover against a municipality in a § 1983 claim, a plaintiff must show there exists an official policy or custom to deprive citizens of their Constitutional rights, that the policy or custom is fairly attributable to the municipality, and that the policy or custom proximately caused the deprivation of plaintiff's Constitutional rights. *See Alexander v. City of Greensboro*, 762 F. Supp. 2d 764, 781 (M.D.N.C. 2011) citing *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

The Fourth Circuit has held that an official policy may be found in written ordinances and regulations, affirmative decisions of policymaking officials, or omissions by policymaking officials "that manifest deliberate indifference to the rights of citizens." *See Alexander*, 762 F. Supp. 2d at 781, citing *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). An official custom "may arise 'if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law'." *Carter*, 164 F.3d. at 218, quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality may be liable for an unlawful custom if its official policy makers have actual or constructive knowledge of the unlawful custom *and* there was a specific and deliberate failure by those policymakers to correct the unlawful custom. *See Alexander*, 762 F. Supp. 2d. at 783, *citing Randall v. Prince George's County, Md.*, 302 F.3d 188, 210 (4th Cir. 2002). Liability under 42 U.S.C. § 1983 cannot lie against a governmental entity solely on the basis of a *respondeat superior* theory. *See Adonis Wright v. Fairfax County, et al.*, 2010 U.S. Dist. LEXIS 61788, *13 (E.D. Va. 2010) *citing Monell*, 436 U.S. at 692.

Even if a plaintiff can demonstrate that an official with final policy making authority violated his Constitutional rights, he still must show that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. Accordingly, to impose section 1983 liability on a municipality, a claimant must first show that "a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Riddick v. Sch. Bd. of City of Portsmouth*, 238 F.3d 518, 524 (4th Cir. 2000).

It is well settled that "isolated incidents" of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes. *See Carter*, 164 F.3d at 220. Rather, there must be "numerous particular instances" of unconstitutional conduct in order to establish a custom or practice. *See Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003).

In the present Complaint, Plaintiff has not pled anything other than a single, isolated instance in which he thinks he was treated differently from other unnamed "third parties," which is insufficient for liability against a municipality under 42 U.S.C. §1983. He has not alleged that there is an official policy or custom of denying persons their constitutional rights.

Finally, any claimed violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution fails because Plaintiff has not suffered from invidious discrimination nor has he been deprived of a fundamental constitutional right. As this Court has held,

> A statute may not place unconstitutional burdens upon "suspect classes" of persons or infringe upon a constitutional right that is deemed to be "fundamental." However, the "Equal Protection Clause does not make every minor difference in the application of laws to different groups a violation of our Constitution." It is axiomatic that the Equal Protection [C]lause prohibits only 'invidious' discrimination.

*Marcellus v. Virginia State Bd. of Elections*, 168 F. Supp. 3d 865, 876–77 (E.D. Va. 2016), aff'd, 849 F.3d 169 (4th Cir. 2017). Plaintiff's claim fails because he does not plead that he is a member of a suspect class, that the alleged refusal to provide him with the security video under the FOI policy burdened any "suspect class," or that is there any constitutional right at issue here at all. Plaintiff does not identify the nature of the group which was allegedly treated better than him, as the complaint refers to *unidentified* third parties (*see* Complaint, ¶¶ 11, 17). Because Plaintiff has not identified who was treated better than him, his Complaint lacks the specificity needed to satisfy the minimum requirements under *Ashcroft v. Iqbal*, 556 U.S 662, 679 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In sum, Count Two of Plaintiff's Complaint must be dismissed. Plaintiff's claims under Count Two are moot; he has failed to plead the existence of any official policy or custom that would give rise to liability under 42 U.S.C. § 1983; and he has failed to identify with any particularity the discrimination he allegedly faced, nor how his constitutional rights were violated by this supposed discrimination.

### C. Count Three of Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff has no private right of action under the Airports Authority's FOI Policy.

After its inception in 1987, the Airports Authority created its own FOI Policy which was adopted by its Board of Directors pursuant to Resolution No. 92-16, on June 3, 1992. Enactment of this FOI Policy was driven by the fact that the Airports Authority is not subject to the Virginia Freedom of Information Act, a position which has been confirmed by both the Virginia Attorney

General and the United States Court of Appeals for the Fourth Circuit.[5]  The federal Freedom of Information Act ("FOIA") does not apply as the Airports Authority was created by a compact among states and as such is not an agency or instrumentality of the United States (5 U.S.C. § 551(1))[6], or otherwise subject to federal FOIA.[7]  The Airports Authority's FOI Policy was most recently amended in 2013.  The current FOI Policy provides that all Authority "records are available to the public, except those that are not required to be disclosed pursuant to the exemptions set out in Part 3 below."

http://www.mwaa.com/sites/default/files/freedom_of_information_policy.pdf.  A copy of the current policy attached as Exhibit 12.  It bears noting that the merits of the Airports Authority's decisions in handling Plaintiff's particular FOI request are not at issue in this Motion to Dismiss.

In March 2013 the Airports Authority's FOI Policy was amended to provide for a two-step appeal process.  _See_ Exhibit 12, p. 3; Recommendation Paper, attached hereto as Exhibit 13, http://www.mwaa.com/sites/default/files/archive/mwaa.com/file/Tab_C-2-130320.pdf.  Until then there had been a single appeal from the decision of the Airports Authority's FOI Officer to

---

[5] _Parkridge v. United States Department of Transportation_, 420 Fed. Appx. 265 (4th Cir. 2011) and _The Honorable Robert G. Marshall_, 2012 WL 2063668, *7 (Va. A.G. May 25, 2012), attached hereto as Exhibit 11.

[6] _Kerpen v. Metro. Washington Airports Auth._, 2017 WL 2334987, at *12 (E.D. Va. May 30, 2017) (MWAA is not a federal instrumentality exercising federal power), appeal pending, No. 17-1735 (4th Cir.).  In _Kerpen_, Judge Cacheris relied heavily upon the reasoning of the Federal Circuit in _Corr v. Metro. Washington Airports Auth._, 702 F.3d 1334, 1337-38 (Fed. Cir. 2012).

[7] Congress might have mandated the application of federal FOIA to the Airports Authority in the Transfer Act, which authorized the Secretary of Transportation to enter into a lease with the Airports Authority, had it intended fender FOIA to apply to the Airports Authority.  Although the Transfer Act (49 U.S.C. 49101 et seq.) contains specific requirements regarding many matters, including the continuation of collective bargaining rights for transferring employees (§49107(a)), the Act is silent with regard to FOIA.

Case 1:17-cv-00723-LO-MSN Document 10 Filed 07/27/17 Page 15 of 19 PageID# 51

the Chairman of a Board Committee. In November 2012, the federal Department of Transportation Office of Inspector General recommended that "to enhance [its] accountability and transparency," the Board of Directors amend the Airports Authority FOI Policy to provide 'a mechanism for external review . . . when a requester is denied information." The FOI Policy was amended to add a new Step 2, which allows a requestor dissatisfied with a Step 1 decision to obtain a review of the decision by a person external to the Airports Authority. This person is chosen from a panel of three retired judges. The amended FOI Policy explicitly provides that the "decision shall be final and that the requestor has no further right of appeal under this Policy." *See* Exhibit 12 at p. 4, Part Three, VI.B.

In a document entitled Recommendation Paper to the Executive and Governance Committee, the Office of the General Counsel of the Airports Authority noted that "[t]his step two decision will constitute the final decision of the Airports Authority and the requestor will have no further right of appeal under the FOI Policy." *See* Exhibit 13. This proposed amendment to the FOI Policy has been reviewed and concurred in by the DOT Accountability Officer."[8] The revisions were approved by the Airports Authority's Board of Directors on this basis.

The absence of a provision for judicial review stands in marked contrast to the federal FOIA and Virginia's Freedom of Information Act, which have explicit provisions for judicial review. *See* 5 U.S.C.A. § 552 (a)(4)(B) and Va. Code Ann. § 2.2-3713. The drafters of the Airports Authority's FOI Policy were very much aware of federal FOIA, as the exemptions

---

[8] The DOT Accountability Officer is appointed by the Secretary of Transportation and, among other responsibilities, reviews proposed rules and regulations and amendments thereto of the Airports Authority.

provided for in the FOI Policy are clearly based upon the exemptions contained in the federal statute. *Compare* Exhibit 11, Part 3, Section VII *with* §552 (a)(8)(B). The Board of Directors, exercising legislative authority for the Airports Authority, made a considered decision to enhance the administrative appeal process and to foreclose any challenge beyond the administrative appeal.

The critical question for this Court is whether it may imply a private cause of action under the Airports Authority's FOI Policy, allowing Plaintiff to sue the Airports Authority for the violations claimed in Count Three of the Complaint. The answer is no. It is blackletter law that 42 U.S.C. §1983 does not provide for a substantive cause of action, i.e., there must be a violation of some other law, rule or regulation in order for liability under §1983 to lie.[9] Here, there simply is no law, rule or regulation that provides Plaintiff with a cause of action as claimed in Count Three of the Complaint. There is no inherent right of the public to information held by the government. Congress stepped into this void by enacting the federal FOIA in 1966 to establish that any person has a right, enforceable in court, to obtain access to federal agency records. *See* Department of Justice Guide to the Freedom of Information Act, at 1-5 (2009 ed.). Thus, in the absence of a private cause of action to enforce the Airports Authority's response under its FOI Policy, Plaintiff's claims must be dismissed.

Under a similar factual predicate, where several persons sought to enforce their putative rights to information under a Virginia statute governing licensure of nursing home facilities, the

---

[9] *Westmoreland v. Brown*, 883 F. Supp. 67, 70–71 (E.D. Va. 1995) (Section 1983 is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred).

Supreme Court of Virginia held that there was no private right of action regarding the obligation to make written policies available upon request as contained in 12 VAC § 5–371–140(A). See Cherrie v. Virginia Health Servs., Inc., 292 Va. 309, 313, 787 S.E.2d 855, 856–58 (2016). The executors of two decedents who had been nursing home residents sued the nursing homes to obtain copies of all written policies and procedures in effect during the decedents' stays. The Supreme Court affirmed the dismissal of their suit, finding that the legislature had created an exclusive means to enforce this mandate, which did not include a private right of action for the plaintiffs.

> When a statute is silent, however, we have no authority to infer a statutory private right of action without demonstrable evidence that the statutory scheme necessarily implies it. Small, 286 Va. at 132, 747 S.E.2d at 824; Shilling v. Jimenez, 268 Va. 202, 208, 597 S.E.2d 206, 210 (2004); see also Vansant & Gusler, Inc. v. Washington, 245 Va. 356, 359–60, 429 S.E.2d 31, 33 (1993). The necessity for such an implication must be palpable. We would never infer a "private right of action" based solely on a bare allegation of a statutory violation. Vansant & Gusler, Inc., 245 Va. at 359–60, 429 S.E.2d at 33. For similar reasons, we do not infer a private right of action when the General Assembly expressly provides for a different method of judicial enforcement. "One of the basic principles of statutory construction is that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise.

Id. at 858. Accord, Sch. Bd. of City of Norfolk v. Giannoutsos, 238 Va. 144, 146–47, 380 S.E.2d 647, 649 (1989) (noting that a basic principle of statutory construction is that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise). Here the Airports Authority has created a two-step appeal process which is the exclusive means to enforce the rights created by its FOI policy. The policy explicitly provides that there is no appeal beyond the procedures it created and therefore a private right of action in a court of law cannot be created by this or any other court.

Federal courts in this district have recognized that the principles of Cherrie and

*Giannoutsos* should be applied in addressing the issue of whether a right of action arises under state law. *Pallone v. Marshall Legacy Inst.*, 97 F. Supp. 2d 742, 744–45 (E.D. Va. 2000) (it is well settled in Virginia that where a statute simultaneously creates a right, and provides a means for enforcement of that right, the statutory remedy is the sole remedy available in the absence of other statutory language to the contrary); *Orbit Corp. v. Fed Ex Ground Package Sys., Inc.*, 2015 WL 4605767, at *4 (E.D. Va. July 30, 2015) (no private right of action, as the statute established a right to pursue relief through the Virginia Commissioner of Labor and Industry). As such, Plaintiff has no private right of action under the Airports Authority's FOI Policy, and Count Three of the Complaint must be dismissed.

WHEREFORE, given the above good and valid reasons, Defendants respectfully request that this Court grant their Motion to Dismiss, and dismiss Plaintiff's Complaint against them with prejudice.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini
_____
Joseph W. Santini, Esq., Va. Bar # 47377
Morris Kletzkin, Esq., Va. Bar # 88181
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com
mkletzkin@dclawfirm.com

*Attorneys for Defendants Metropolitan Washington Airports Authority, India Wilea Mitchell and Paul John Solo*

**LOCAL RULE 7(K) NOTICE TO *PRO SE* PLAINTIFF:**

**(1) You are entitled to file a response opposing this motion and any such response must be filed within twenty-one (21) days of the filing of this motion; and**

**(2) The Court could dismiss your action on the basis of Defendants' papers if you do not file a response; and**

**(3) You must identify all facts stated by Defendants with which you disagree and you must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and**

**(4) You are entitled to file a legal brief in opposition to the one filed by Defendants.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 27th day of July 2017, I sent the above Memorandum of Points and Authority in Support of Motion to Dismiss via first-class mail to:

>   Capt. James Linlor
>   1405 S. Fern St. #93041
>   Arlington, VA 22202

/s/ Joseph W. Santini

Joseph W. Santini