FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2016 MAY 26 P 4:49

REDACTED PER MOTION TO PROTECT VICTIM

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JL, PRO SE | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:16 CV 583 GBL/JFA |
| INDIA WILEA MITCHELL, in her personal capacity | ) |
| JOHN PAUL SOLO, in his personal capacity | ) |
| METROPOLITAN WASHINGTON AIRPORTS AUTHORITY (MWAA), | ) |
| COUNTY OF LOUDOUN, VIRGINIA, | ) |
| Defendants | ) |

Addresses:
Mitchel, Solo, and MWAA: 1 Aviation Circle, Washington, D.C. 20001-6000
ph (703)-417-8600
Loudoun County Attorney: 20 E. Market Street, Mailstop #34 Leesburg VA 20176
Ph: 703-777-0242

JL, PRO SE (PLAINTIFF)
ADDRESS REDACTED TO PROTECT VICTIM

## COMPLAINT

The plaintiff, James Linlor, files this petition for violations of 42 US 1983 reflief stemming from an aggravated sexual battery against the plaintiff, and affirmative actions by all defendants, individually

**EXHIBIT 1**

and in concert, to impede and block exercise of laws of the Commonwealth of Virginia as detailed below, in violation of the 4th and 14th Amendments to US Constitution.

## JURISDICTION

This filing is under 42 US 1983. Federal district courts have subject-matter jurisdiction over § 1983 claims under either 28 U.S.C. § 1343(a)(3)54 or the general federal question jurisdiction statute, 28 U.S.C. § 1331.55.

## NATURE OF ACTION AND RELIEF SOUGHT

1. This is a civil action under 42 U.S.C § 1983, with remedies requested seeking unspecified incurred (retrospective) and prospective monetary (collateral) damages, unspecified monetary damages for pain and suffering, and punitive damages, plus declaratory and prospective injunctive relief against all defendants for committing acts, under color of law, with deliberate indifference and recklessness, by police officers (in their individual capacities) and officials of the Metropolitan Washington Airport Authority, (MWAA), and of by officials of Loudoun County, Virginia. MWAA is a public body, corporate and public, that operates the MWAA police force, and is funded in part by Loudoun County, Virginia.

2. The aggravated sexual battery (per VA § 18.2-67.3) was committed at Dulles Airport, located in Loudoun County, Virginia, on March 10, 2016. Plaintiff travels frequently through this airport for reasons including his occupation as an airline pilot, exposing him to the risk of future injury.

3. The unspecified monetary damages listed above, plus declaratory and prospective injunctive relief sought are authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

4. Plaintiff was deprived of his liberty for unmolested passage without expectation of harm when transitioning a public airport (Dulles), and in case of harm, was denied substantive due process codified in Virginia Commonwealth statutes, for the criminal process to be adhered to by MWAA police, the MWAA, and Loudoun County officials. All defendants' deliberate indifference and reckless refusal to enforce to Petitioner's Comonwealth and Common Law statutory rights of prosecution of criminal behavior, and Defendants "poisoning the well" to make prosecution difficult or impossible against all parties, violated Plaintiff's civil rights. After repeated attempts to appeal through MWAA and Loudoun County processes, defendants all confirmed the Plaintiff exhausted his administrative appeals options, with no remedial or corrective actions taken by defendants or even defendant's Internal Affairs oversight department, implying defendants' actions as a matter of established policy in contradiction to established rights under the US Constitution. The specific Commonwealth law related claims, requiring enforcement under 42 US 1983, are listed below.

5. 4th Amendment violation from non-adherence to Virginia statutes, draws from "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ....", occurred as a result of the defendants responses (and recklessness and careless indifference) to the search which resulted in an aggravated sexual battery. This search, notably the aggravated sexual battery, was unreasonable on its face, but it is the defendants' actions after the battery that are identified in this case, and it is solely the named defendants' actions that are

the cause of action (not the assailant's actions, which will be addressed in a separate suit). Specifically, all defendants had a role in hindering or blocking petitioner from exercising his rights to request and pursue criminal prosecution under the law, as a violation of the law which can only be remedied through federal enforcement of the 4th Amendment under a Section 1983 action.

6. The 14th Amendment violation, drawing from "nor shall any State deprive any person of life, liberty, or property, without due process of law", where the "process" that the Clause guarantees includes (under Brown) a continuing obligation to satisfy certain minimal custodial standards for those who have already been deprived of their liberty. By hindering and blocking Petitioner from pursuing substantive due process, all defendants have in their respective ways blocked the Plaintiff's rights to request and pursue criminal prosecution under the law, as a violation of the law which can only be remedied through federal enforcement of the 14th Amendment right of substantive due process, under a Section 1983 action.. Specific actions of each actor are listed further in this complaint.

7. "Deliberate indifference" exists because of deliberate actions specified below, attributable to the municipality, directly caused a deprivation of rights of prosecution. "Recklessness" exists because the MWAA officers (Mitchell and Solo, in their individual capacities), had conduct whereby they did not [necessarily] desire harmful consequence but...[should have] foreseen the possibility -[of harm] and [nevertheless] consciously took the risk. This is evident because a reasonable officer would have had the protection of Harlowe, to accept custody of a citizen's arrested suspect and bring him to the Magistrate under statutes listed in this complaint, but they explicitly chose not to do any of these activities, despite multiple reminders and exortations over a period of two months until they refused

to speak with the Plaintiff and other MWAA and Loudoun County officials informed Plaintiff that he had exhausted all of his available administrative appeals. Moreover, even though Mitchel and Solo eventually filed a police incident report, they initially refused to file any report of the aggravated sexual battery, and their chief supervisor (Major Miller) confirmed that he had to order them write a report, or else one would not have been written.

Indeed, Petitioner requested such a de-escalation and resolution multiple times verbally and in writing, but was repeatedly rebuffed by all parties, who confirmed that Petitioner exhausted all appeals and procedural remedies.

8. Petitioner alleges two elements: (1) the action occurred "under color of law" by virtue of MWAA police officers Mitchell and Solo, responding in-uniform and on-duty to a call for assistance by the victim, as well as MWAA and Loudoun County acting in their official capacities, and (2) the action is a deprivation of a constitutional right (specifically the 4th and 14th Amendments to the Constitution) by virtue of the victim being intentionally hindered and blocked from pursuing criminal prosecution of the suspect, by virtue of the defendants' affirmative actions (shown by "reckless indifference" vice simply "careless indifference").

9. Injuries to Petitioner are:

From the MWAA police officers Mitchell and Solo, in their personal (individual) capacities:

a. filing of a misleading and false incident report in violation of Virginia state statutes, which misrepresents the felony sexual battery victim's statements, inaction representing careless indifference and recklessness to not take a citizen's arrested felony suspect into custody, and existence plus conclusions of battery-confirming video evidence, which through Mitchel and Solo's

deliberate indifference and recklessness served to prevent Plaintiff from exercise of local rights of prosecution of criminal activities perpetrated on him, and by virtue of this deliberate indifference and reckless behavior, deprived Plaintiff of his rights under the 4th and 14th Amendments to the US Constitution.

b. refusal to by MWAA police, at and after the incident, to accept custody of a citizen's arrested felony suspect, documented in the police incident report with written affirmation of a lawful citizen's arrest suspect, with the citizen's arrest made in the presence of Mitchell and Solo (per Common Law of Torts law textbook examples, plus case law from the Virginia Circuit Court's decision of Hudson v. Commonwealth of Virginia, 2003 (Appellate Court affirmed), and Carroll v US), and by Mitchell and Solo's deliberate indifference and recklessness served to prevent Plaintiff from exercise of local rights of prosecution of criminal activities perpetrated on him, and by virtue of this deliberate indifference and reckless behavior, deprived Plaintiff of his rights under the 4th and 14th Amendments to the US Constitution.

c. Refusal to accept criminal complaints, or to investigate them, by MWAA management, Internal Affairs, Magistrate's office, and Attorney's office, effectuating deliberate indifference and recklessness which served to prevent Plaintiff from exercise of local rights of prosecution of criminal activities perpetrated on him, and by virtue of this deliberate indifference and reckless behavior, deprived Plaintiff of his rights under the 4th and 14th Amendments to the US Constitution.

d. Refusal to provide (release to Plaintiff without precondition, which is the same manner that MWAA received it) incriminating video and FOI evidence in their possession, by MWAA police and management officials, demonstrating deliberate indifference and recklessness which served to prevent Plaintiff from exercise of local rights of prosecution of criminal activities perpetrated on him,

and by virtue of this deliberate indifference and reckless behavior, deprived Plaintiff of his rights under the 4th and 14th Amendments to the US Constitution.

10. Specific Acts in violation of Loudoun County and Virginia Commonwealth law, requiring enforcement under Section 1983 as described previously:

MWAA police officers, in their individual capacities, and MWAA officials in their official capacities (through affirmative actions and **not** *respondeat superior*), and Loudoun County officials:

- filed false and misleading police reports, and refused to perform obligatory duties (such as accepting custody) of the Common Law and Commonwealth statute-supported citizen's arrested felony suspect,

- hid officers' improper physical control and release without investigation or charge of the felony suspect despite first-person complaints of the victim (who is also a credible witness as a conservator of the peace under Commonwealth statute), and confirming video evidence from a subset of approximately 23 video cameras in the immediate vicinity, with TSA confirming that the whole event was captured in varying completeness on a variety of cameras from different angles,

- refused to perform statutory appearances of witnesses and evidence before a magistrate (VA § 19.2-82),

- avoided collection of incriminating evidence required to be collected under statute,

- conspired to hide evidence by claiming ownership and authority to require and enforce MWAA-written non-disclosure agreements (NDAs) over evidentiary videos approved for release by the Transportation Security Administration (TSA),

- refused multiple times by Loudoun County Magistrates to allow victim to submit (file) a criminal complaint ( VA § 19.2-72), despite promises by the Loudoun County Chief Magistrate to allow the

filing of a complaint, and subsequent claims by magistrates that their policies did not allow such submissions (filings),

- under the guise of no complaint having been filed, refused to hold a probable cause hearing with all parties present and all relevant evidence collected,

- refused to hold a probable cause hearing as required after an arrest (including citizen's arrest (per the Magistrate's Manual page 2-42, and VA code § 19.2-236),

- suppressed further incriminating evidence in violation of MWAA Freedom of Information (FOI) and FOI Appeals processes, which MWAA confirmed that Petitioner exhausted prior to filing this case,

- prejudicial statements and conclusions by the Loudoun County assistant Commonwealth attorney, based on falsified and misleading police reports (that he was advised are alleged to be false, with the victim's statements and video evidence proving the falsehoods), such that the Loudoun County attorney asserted that no crime of any sort had taken place, in violation of local statutes and on-the-record statements by the Loudoun County assistant attorney, and Loudoun County Chief Magistrate and other Loudoun County magistrates that sexual battery victims can "always file complaints and have them investigated."

## STANDING

Plaintiff asserts all three of Article III's standing requirements: (1) Plaintiff was the personal victim of an aggravated sexual battery resulting in the circumstances supporting a lawful citizen's arrest and independent and consequential prosecution for historical and prospective unspecified monetary compensation, punitive damages, and declaratory and injunctive relief to require future compliance by the officers in their individual capacities, plus MWAA and Loudoun County officials, during

1  ongoing, frequent travel made by Plaintiff through Dulles airport, including as part of Plaintiff's job
2  as an airline pilot, where he is threatened with repeat accidental, intentional ,or retaliatory injuries on
3  future, frequent trips through Dulles airport; (2) his injuries are specifically traceable to the
4  defendants' conduct (of all three groups of defendants) and (3) there is a sufficient likelihood that a
5  favorable decision on the merits will redress the injuries through monetary payments and declaratory
6  and injunctive relief, to foster future adherence to Commonwealth statues under penalty of additional
7  prosecution for contempt of court.

## FACTS

1. Plaintiff was the victim of an aggravated sexual battery at Dulles Airport on March 10, 2016.

2. No police officers witnessed the crime, but the victim was an off-duty airline pilot (who Virginia statutes codify as a conservator of the peace, with full arrest authority when in command of an aircraft). Witness credibility is implied, and a subset of approximately 23 video cameras in the area recorded and corroborate varying angles and portions of the assault and events before and after.

3. On-duty police officers Mitchel and Solo responded to the victim's request for assistance, but decided that because the assailant denied having committed the battery, that no battery had taken place. Requests by the victim were not given credence, and verification of the attack on video recordings were not reviewed or given credence (by virtue of the Plaintiff's observations of Mitchell and Solo's whereabouts and inadequate time or location to review video evidence). Mitchell and Solo refused to file a police report (despite the repeated objection of Plaintiff), without which follow-up or prosecution via criminal processes entitled to US citizens is blocked. Mitchell and Solo and Plaintiff, discussed Plaintiff's intention to prosecute (preferably criminally, not just civilly) the assailant. Mitchell and Solo had good cause to know that not filing a report would block Plaintiff from exercise of this right to avail himself of criminal procedures of Loudoun County and the Commonwealth of

1 Virginia. They eventually did file a police report when ordered to do so by their "boss' boss", but
2 filed a report with misleading and false information, effectively denying Plaintiff the opportunity to
3 avail himself of criminal prosecution rights.

4. Plaintiff requested and paid for a copy of the police report 201600455. Despite the records department at MWAA confirming the request and receipt of payment, and promising 48 hour processing, no copy of the report was released in response to this request, and no employees of MWAA or other Loudoun County officials would discuss any contents o the report with Plaintiff, not allowing Plaintiff the opportunity to correct the misstatements and false information in the report. A copy of the report was finally release under an open records (MWAA FOI) request more than 1 month beyond its required date of production, but the harm caused due to the MWAA's knowing dissemination of the false report had already occurred, thereby depriving Plaintiff of his statutory rights related to criminal prosecution, and the cooperation of Loudoun County magistrate and attorney's office officials.

5. Plaintiff repeatedly confirmed with MWAA officers and management, plus the Loudoun County Magistrates office, and Loudoun County Attorney's office, that a lawful citizen's arrest for felony sexual battery had occurred, and asked for the accused to be remanded to MWAA police custody for all parties to meet (per statute) at the Magistrates' offices for a hearing for probable cause, and determination of next steps (as should be afforded the victim/Plaintiff in this case). All parties named above refused to cooperate with, support, enable, or participate in a hearing request in violation of VA code sections § 19.2-82., § 19.2-72, § 19.2-76, § 19.2-80.2, and per the Magistrate's Manual page 2-42, and VA code § 19.2-236.

6. Plaintiff provided a verbal statement and complaints of violation of substantive due process, plus deliberate indifference and recklessness, to the MWAA Internal Affairs Department, and was

1. promised follow-up and assistance with resolution. More than two months later, MWAA Internal Affairs, as well as MWAA Police, Loudoun County Magistrate's office, and the specific officers named in their individual capacities, have all stopped responding to Plaintiff's requests to avail himself of statutory rights, and have also not responded in writing (by letter or email). This is a widespread, intentional example of deliberate indifference and recklessness. Freedom of Information (FOI) requests (governed by MWAA FOI policy) have only been partially complied with, and not within required timeframes, further obstructing Plaintiff due to deliberate indifference and recklessness. An appeal pursuant to the MWAA FOI process has also been properly received by MWAA, but again ignored which blocks evidence required for Plaintiff to encourage enforcement under criminal prosecution rights of the Plaintiff, but also impedes Plaintiff's filing of this Section 1983 case, and will be the basis for a subsequent Motion to Compel Discovery.

7. Per public records responses by the MWAA, Mitchell and Solo investigated the victim (Plaintiff) for any criminal history or warrants, with a negative (clean) response. No MWAA officers, including Mitchel and Solo, inquired or investigated the assailant's criminal history or warrants.

8. Plaintiff performed an open records internet search of the assailant's name near Dulles airport, and found a match with a history of petty theft and domestic violence convictions. Despite relaying this information to MWAA and Loudoun County, no action was taken by either party to investigate the assailant and determine if he has open warrants (in addition to his battery on the victim).

NO ATTORNEY ASSISTED IN THE PREPARATION OF THIS DOCUMENT.

Respectfully submitted, and filed with the declaration that all statements in this pleading are true and correct under penalty of perjury.

| | |
|---|---|
| 1   _____ | EXECUTED AT: _____ |
| 2 | ON (DATE): _____ |